UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| KEVIN MCLAUGHLIN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 2:08 CV 58 |
| BERNARD FREEMAN, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Plaintiff Kevin McLaughlin submitted a complaint under 42 U.S.C. § 1983, alleging that Lake County Jail officials violated his federally protected rights while he was confined at the jail as a pretrial detainee. The court granted McLaughlin leave to file an amended complaint, and treated a second amended complaint as a supplemental complaint. The court screened the complaints pursuant to 28 U.S.C. § 1915A and allowed McLaughlin to proceed against Sheriff Roy Dominguez, Jail Warden Bernard Freeman, and nine other jail officials or custody officers for damages on his claim that they subjected him to cruel and unusual treatment. The defendants have filed a motion for summary judgment pursuant to FED. R. CIV. P. 56, asserting that McLaughlin did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a); the plaintiff has responded.

The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-37 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. As we have emphasized, when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007) (citations, quotation marks, ellipsis omitted).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 537 (7th Cir. 1999). "Exhaustion of administrative remedies, as required by § 1997e, is a condition precedent to suit. § 1997e applies to 'all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive

force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002)). Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000).

"The court must not proceed to render a substantive decision until it has first considered § 1997e(a). The statute gives prisons and their officials a valuable entitlement—the right *not* to face a decision on the merits—which the courts must respect if a defendant chooses to invoke it." *Perez*, 182 F.3d at 536 (emphasis in original). Where exhaustion has been raised as a defense, issues relating to exhaustion are to be resolved by the court before proceeding to the merits. *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008), *cert. denied* 129 S. Ct. 1620 (2009).

In support of their summary judgment motion, the defendants submit the affidavit of Assistant Jail Warden Christopher McQuillin and a copy of the Lake County Jail Inmate Handbook. The defendants' submissions establish that the Lake County Jail had a grievance procedure in effect while McLaughlin was housed there, and that the claims he presents in his complaint were grievable. Assistant Warden McQuillin states in his affidavit that according to the jail's records:

> During his incarceration at the Lake County Jail from December 19, 2005 through August 28, 2008, Kevin McLaughlin <u>never filed</u> a written grievance with the Deputy Warden or an appeal of any grievance filed with the Deputy Warden pursuant to the grievance procedures provided in Section XVI (B) of the *Lake County Jail Inmate Handbook*.

3

(DE # 51-1, McQuillin Aff. ¶ 9) (emphasis in original).

Because the defendants met their initial obligation under FED. R. CIV. P. 56, the burden shifts to McLaughlin to come forth with evidence sufficient that, if viewed fully in his favor as reasonable, would allow a fact finder to decide in his favor the question of whether he exhausted his administrative remedies in the claims he presents in this cause of action. *Celotex*, 477 U.S. at 317. In his response to the defendants' summary judgment motion, McLaughlin filed an affidavit in which he primarily addresses the merits of his complaint, which are not relevant to the motion before the court that asserts only that McLaughlin did not exhaust his administrative remedies. At the end of his affidavit, McLaughlin addresses the question of exhaustion by stating:

> As to the Inmate Handbooks, in my nearly three years at the Lake County Jail, I never received an Inmate Handbook.
> As to the grievances, I filed 15 to 20 grievances over that period and only on one occasion do I remember getting a response. It was from an Officer Peron saying he was looking into the situation. The response from the Defendants that I did not file any grievances is not true. Not only did I file these grievances, I wrote letters to judges, F.B.I, the Sheriff, Deputy Wardens, anyone that I thought might be able to help me.

(DE # 60 at 5.)

In their reply, the defendants assert that, whether or not McLaughlin ever had a copy of the inmate handbook, he conceded in his complaint that the Lake County Jail had a grievance system. The defendants are correct in this observation. In his complaint, McLaughlin answered yes to the question "[i]s there a prisoner grievance system that would allow you to file a grievance about the things you are suing about?" (DE # 1 at

4

2.) He also answered yes to the followup question "[i]f yes, did you file a grievance about the things you are suing about?" (*Id.*) He then stated that although he attempted to grieve the claims he presented in his complaint "[t]he administration of [the] Lake County Jail failed to answer any and all grievance forms I submitted after being subjected to cruel and unusual punishment. No disposition was answered by the administration of the Lake County Jail." (*Id.*) McLauchlin declared under penalty of perjury that all of the statements in his complaint were true and correct. (DE # 1 at 11.)

In their reply, the defendants argue that "[m]ere conclusory and self-serving allegations contained in a response without factual support or personal knowledge are not sufficient to create a genuine issue of fact." (DE # 61 at 5.) They further argue that "[t]he undisputed evidence shows McLaughlin knew of the grievance procedure but never filed a formal written grievance and never appealed the denial of any grievance according to the grievance procedure." (*Id.*)

Because the defendants are the moving party, and because they bear the burden of proving the affirmative defense of lack of exhaustion, the court must "extract all reasonable inferences from the evidence in the light most favorable to" McLaughlin as the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). When there are dueling affidavits, provided the affidavits are based on personal knowledge and meet the other evidentiary requirements, summary judgment is not appropriate. *Payne v. Pauley,* 337 F.3d 767, 773 (7th Cir. 2003).

McLaughlin's statements that he attempted to grieve the questions he presents to the court are not conclusory and are within his personal knowledge; McLaughlin would know whether or not he submitted a grievance and whether or not he received a response to a grievance he submitted. His affidavit statement that he filed fifteen to twenty grievances while he was at the jail might not, by itself, be enough to avoid summary judgment because McLaughlin does not state with specificity that any of his numerous grievances dealt with the claims presented in this cause of action. But in his complaint McLaughlin swears under penalty of perjury that he attempted to grieve the incidents he presents in his complaint but that he never received a response from jail officials.

Administrative remedies are unavailable if prison officials do not respond to grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In *Dole*, the court noted that in each case where a prisoner had been found not to have exhausted, "unlike this one, the *prisoner's* mistake triggered the exhaustion requirement." *Id.* at 811 (emphasis in original, citations omitted). The Seventh Circuit concluded that "the misstep in Dole's case was entirely the fault of the prison system." *Id.* "Because Dole took all steps necessary to exhaust one line of administrative review, and did not receive instructions on how to proceed once

his attempts at review were foiled, in the factual context of this case, he has exhausted his administrative remedies under the PLRA." *Id.* at 813.

Crediting McLaughlin's sworn statements, as the court must in addressing the defendants' summary judgment motion, the court must accept as a fact that McLaughlin submitted a grievance on the matters dealt with in this cause of action but never heard back from jail officials. Lake County Jail officials cannot say definitively that McLaughlin did not attempt to exhaust his administrative remedies by filing a grievance; all they can say is that they cannot now find a copy of his grievance or a record that he filed it. If McLaughlin submitted a formal grievance and jail officials ignored it, or even if they simply lost or misplaced the grievance and inadvertently did not respond, then the failure to exhaust was not McLaughlin's fault. Accordingly, McLaughlin's submissions create a disputed issue of fact as to whether he filed a grievance but that jail officials never responded to it.

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without

7

> being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Pavey*, 544 F.3d at 742.

The parties' submissions establish that McLaughlin did not exhaust his administrative remedies because jail officials never reviewed a grievance filed by him. Given that fact, *Pavey* requires the court to address two questions: (1) whether, McLaughlin's failure to exhaust was "innocent" as that term is defined in *Pavey*; and (2) if McLaughlin failed to exhaust his administrative remedies because jail officials ignored or overlooked his grievance, must he go back and exhaust his remedies now. The first question can only be answered by conducting a hearing and receiving evidence. There is sufficient uncontested evidence in the record, however, to answer the second question in the absence of a hearing.

In *Pavey*, the court stated that if "the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), . . . [the prisoner] . . . must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround)." *Pavey*, 544 F.3d at 742. Because McLaughlin is no longer at the jail, the grievance system is no longer available to him. In any event, dismissal of this case without prejudice to allow McLaughlin to return to the jail's grievance system would be pointless because there is no remedy he could now obtain from the grievance system because it is too late for him to obtain a change in conditions for himself at the jail. McLaughlin seeks damages in this complaint, a remedy that is not available in

grievance proceedings—though even where an inmate only wants monetary damages he has to jump through the grievance hoop to eventually get to a forum where damages are available:

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile.

*Dole,* 438 F.3d at 808-09 (citations omitted).

The Seventh Circuit has held that a grievance is required even where an inmate seeks only damages because his grievance might "alert prison authorities to an ongoing problem that they can correct." *Id.* at 809 (citing *Porter*, 534 U.S. at 525). Accordingly, while he was still at the jail, McLaughlin was subject to the exhaustion requirement even though he seeks only damages because his grievance might have helped jail officials avoid future problems. But if, after litigating this case for almost two years, Lake County Jail officials are not aware of an "an ongoing problem that they can correct" arising from McLaughlin's claims, then requiring him to file a grievance at this late date would probably not do much, if anything, to advance their knowledge.

Moreover, even if the jail's grievance system were still actually available, the events McLaughlin complains of occurred more than two years ago, and dismissal of this complaint, without prejudice, to require him to return to the jail's grievance system might preclude him from refiling his complaint after he completed the grievance procedure. Accordingly, in the circumstances of this case, if the court determines after a

*Pavey* hearing that McLaughlin's failure to exhaust was "innocent" because he did file a grievance that was lost or otherwise went astray, he does not need to go back and file another grievance. Therefore, the only question to be resolved at a *Pavey* hearing is whether McLaughlin's failure to exhaust was "innocent" because he did attempt unsuccessfully to exhaust his administrative remedies.

Where the court denies a summary judgment motion under circumstances such as this, it is the practice of this court to give the defendants the opportunity to withdraw their exhaustion defense and proceed to the merits. If the defendants wish to maintain their exhaustion defense, the court will refer the matter to the magistrate judge to supervise any discovery on the question of exhaustion, conduct the hearing, and prepare a written report and recommendation. If this case proceeds to a *Pavey* hearing, the issue to be resolved at the hearing will be whether the plaintiff attempted to file a formal written grievance dealing with the issues presented in this complaint that would have complied with the jail's grievance system but never received a response from jail officials. If the court concludes at the end of this process that McLaughlin did file a grievance without response, then the plaintiff's failure to exhaust is "innocent" because he has done everything within his power to exhaust his administrative remedies and the case may proceed to the merits. If the court concludes that McLaughlin did not attempt to file a grievance dealing with the claims he raises in this complaint, then the court must dismiss this complaint for failure to exhaust administrative remedies.

For the foregoing reasons, the court **DENIES** the defendants' motion for summary judgment (DE # 50), and **AFFORDS** the defendants until April 16, 2010, to advise the court whether they wish to waive the affirmative defense of exhaustion of remedies or whether they wish to proceed to a hearing at which the parties may present evidence on the question of whether the plaintiff filed a formal written grievance that would have complied with the jail's grievance system but never received a response from jail officials. If the defendants wish to proceed to a hearing, they should also advise the court whether they wish to reopen discovery on the question of exhaustion.

                                    **SO ORDERED.**

Date: March 16, 2010

                                    s/ James T. Moody
                                    JUDGE JAMES T. MOODY
                                    UNITED STATES DISTRICT COURT