# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| KEVIN McLAUGHLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number 2:08-CV-058 |
| | ) | |
| BERNARD FREEMAN, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On November 1, 2010, Plaintiff Kevin McLaughlin appeared in person and by counsel Jeffrey S. Wrage. Defendants Bernard Freeman, Roy Dominguez, Craig Ponton, John Zenore, and G. Ratajczak appeared not in person but by counsel John M. Kopack and Casey J. McCloskey. Defendants (FNU) Hailey, R. Bergeron, (FNU) Rodriguez, (FNU) Osborne, B. Perez, and (FNU) Milton appeared not in person but by counsel Harold G. Hagberg.

A contested *Pavey* evidentiary hearing was held on the issue of exhaustion of administrative remedies pursuant to order of presiding Judge James T. Moody. The Court received evidence (witness testimony and exhibits) and arguments.

Based upon the record of proceedings the Court **FINDS, ORDERS, ADJUDGES,** and **DECREES**:

### Procedural Background

1. On May 30, 2008 Plaintiff Kevin McLaughlin filed his pro se Prisoner Complaint against the various Defendants alleging violation of his civil rights pursuant to 42 U.S.C. § 1983.

2. On October 22, 2008 Plaintiff McLaughlin was granted leave to proceed on his 14th Amendment damage claim in his Complaint seeking an award of damages.

3. On May 1, 2009 the Lake County Jail Defendants filed a Joint Motion For Summary Judgment and a Memorandum in support arguing summary judgment should be awarded in their favor because Plaintiff McLaughlin failed to exhaust his administrative remedies. On November 2, 2009 Plaintiff McLaughlin filed a Response in opposition thereto. On November 16, 2009 the Lake County Jail Defendants filed a Reply.

4. On March 16, 2010 Judge James T. Moody issued an Opinion and Order denying the Motion For Summary Judgment [DE64] finding that the motion briefing by the parties failed to establish that Plaintiff McLaughlin did not exhaust his administrative remedies and that it was unclear from the record then existing whether he had exhausted his administrative remedies.

5. On June 7, 2010 Judge James T. Moody issued an Order [DE 72] referring this matter to the undersigned Magistrate Judge to hold an evidentiary hearing pursuant to the case law authority of *Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008) to determine the factual issue of whether or not Plaintiff McLaughlin's failure to exhaust his administrative remedies was "innocent."

6. Because Plaintiff McLaughlin has a history of mental health issues and lacks formal education to the extent that the last grade he completed in formal schooling was the 5th grade, on August 13, 2010, the Court appointed attorney Jeffrey S. Wrage for the limited purpose to represent Plaintiff McLaughlin solely at the *Pavey* evidentiary hearing on a pro bono basis.

**Procedural Basis for Hearing**

7. The Prison Litigation Reform Act prohibits a prisoner from bringing an action in federal court regarding jail or prison conditions until his "administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

8. The case law authority of *Pavey v. Conley* requires that in cases of pro se prisoner civil litigation where there exist disputed issues of fact regarding whether or not the prisoner exhausted his administrative remedies, the court must hold an evidentiary hearing on the question of exhaustion of administrative remedies. 544 F.3d 739 (7th Cir. 2008).

**Findings of Fact**

9. The evidence received by the Court at the *Pavey* hearing expands, clarifies, and perhaps in some instances contradicts the evidence which was before Judge James T. Moody in the briefing on the Motion For Summary Judgment.

10. Plaintiff Kevin McLaughlin, age 34 years, is presently serving a 15 year sentence in the Indiana Department of Correction for a felony burglary conviction adjudged in Lake County, Indiana, Superior Court, case 45G02-0512-FB-107. He presently is assigned to the Indiana D.O.C. Wabash Valley Correctional Facility in its Special Needs Unit, K House.

11. Plaintiff McLaughlin was in Indiana state custody as a prisoner in the Lake County, Indiana, Jail for the time period December 2005 to August or September 2008 (except for a relatively brief unspecified interim when he was temporarily placed at the Indiana D.O.C. New Castle Correctional Facility).

12. In his Complaint in this case Plaintiff McLaughlin alleges that beginning February 8, 2008, through February 11 or 12, 2008, Lake County Jail personnel administered cruel and unusual punishment to him, thereby violating his civil rights, for which he seeks a verdict awarding him money damages.

13. At all relevant times the Lake County Jail had in effect a written inmate grievance procedure published in its Inmate Handbook, a copy of which is distributed to each new inmate and

a copy of which was given to Plaintiff McLaughlin.

14. The Lake County Jail grievance procedure set forth in the Inmate Handbook provides:

> XVI. INMATE GRIEVANCE PROCEDURES
>
> A. If you have a complaint or problem, you must make every effort to resolve it with the Corrections Officer. In other words, you must first discuss it with the officer assigned to your area. When the Corrections Officer is unable to satisfy the complaint, the Floor Supervisor will discuss the situation with you and supply you with the necessary form.
>
> B. If the complaint is not satisfactorily answered by the Turn Supervisor, he will furnish and instruct the inmate to complete and execute the formal grievance form within seventy-two (72) hours from the time of the alleged grievance. Give the completed form to any officer and he will pass it on to the Deputy Warden's Office to be answered within five (5) working days. If you are still dissatisfied, you may appeal within 72 hours in writing on the proper appeal form to the Warden. The Warden or Assistant Warden will give his decision within five (5) working days. If still dissatisfied, you may appeal in writing, on the appeal form and direct it to the Sheriff. His decision is final. He has five (5) days to answer. The appeal form will be supplied by the Deputy Warden's Office.

15. During the alleged mistreatment of Plaintiff McLaughlin by jail personnel he allegedly verbally requested the relief of cessation of the mistreatment.

16. Within approximately 72 hours of the end of the multi-day alleged mistreatment of him, he handwrote a complaint of grievance regarding the matters and hand-delivered it to Floor Supervisor and/or Turn Supervisor Officer Gonzalez. He hand-delivered a duplicate of the complaint of grievance to Floor Supervisor and/or Turn Supervisor Officer Gentry approximately two days later. He also verbally discussed his grievance with each of them when he hand-delivered the written complaint of grievance.

17. During the following time period of several days Plaintiff McLaughlin received no

response whatsoever to his original grievance, so from time to time he rewrote his complaint of grievance alleging the same fact situation in similar wording, usually titling them Supplementary Report, and hand-delivered them to various jail personnel.[1]

18. In the original complaint of grievance and in the subsequent complaints of grievance referring to the same alleged fact situation, the relief being sought by inmate McLaughlin was unspecified, but impliedly it was that Lake County Jail personnel would not commit any similar alleged misconduct against him in the future.

19. Plaintiff McLaughlin received no responses whatsoever to these later complaints of grievance until March 19, 2008 when Lake County Jail Grievance Officer Sgt. Jane Peron wrote at the bottom of one of his subsequent complaints of grievance: "Kevin, All I will tell you is this, the people that need to be contacted have been and things are taken care of. Sgt. Peron. 3-19-08." Hrng. Pl. Ex. 3; Def. Ex. E, Nov. 1, 2010.

20. Following that March 19, 2008 communication from Sgt. Jane Peron, Plaintiff McLaughlin never received any other communication whatsoever from Lake County Jail personnel regarding this matter.

21. Plaintiff McLaughlin testified in court that he eventually submitted hand-written grievances regarding the same alleged fact situation to a Lake County Jail Deputy Warden, then to the Warden, then to the Sheriff, and he received no responses whatsoever, but he does not recall the dates nor did he retain copies or duplicates of such alleged documents.

22. Lake County Sheriff's Department Compliance Officer Christopher McQuillin testified in court that he is the keeper of all records of the Lake County Jail Corrections Division including

---

[1]Plaintiff McLaughlin also mailed a hand written document to the United States District Court, Northern District of Indiana, received by the Court on February 12, 2008, which he later indicated to the Court was not an attempt to file a Complaint to begin a civil court case but rather was a call for an investigation into his allegations.

all inmate grievances, that he reviewed all inmate grievance records for the time period from January 2008 to August 2008 to identify or locate any grievances submitted to the Lake County Jail by Plaintiff McLaughlin, and there exist no records of any grievance or appeal of grievance by Plaintiff McLaughlin for that period of time.

23. Plaintiff McLaughlin was a ward of the State of Indiana from age 9 years to age 18 years, completed 5th grade educational work and did some 6th grade educational work but did not complete the 6th grade, has spent much of his adult years confined in various jails and prisons for various criminal convictions, has a history of mental health issues, has a pattern of sometimes ostensibly attempting to commit suicide but privately intending to use such conduct as a ruse to effect some benefit or advantage for him (for example, he recently slit a wrist while incarcerated for the purpose of somehow thereby effecting the return of a television or television privileges), and regularly takes the prescribed medication Dilantin (to control epileptic seizures) and Remeron (an anti-depressant).

## Conclusions of Law

24. Pursuant to the Prison Litigation Reform Act, prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id*. at 1023.

25. Nevertheless, inmates are only required to exhaust administrative remedies that are

"available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The "availability" of a remedy is not a matter of what appears on paper, but rather whether the process was in actuality available for the prisoner to pursue. *Kaba*, 458 F.3d at 684. "[P]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809. In determining whether an administrative remedy was available, the bottom line is whether the inmate did "all that was reasonable to exhaust" under the circumstances. *Id.* at 812.

26. "Once a prisoner has won all the relief that is available under the institution's administrative procedures, his administrative remedies are exhausted. Prisoners are not required to file additional complaints or appeal favorable decisions in such cases." *Thornton v. Snyder*, 428 F.3d 690, 695-96 (7th Cir. 2005) (quoting *Ross v. County of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004)). If a jail inmate receives a favorable determination of a grievance then no further administrative appeal steps need be taken. *Id.*

**ANALYSIS**

27. Lake County Jail Sgt. Jane Peron's March 19, 2008 written statement to Plaintiff McLaughlin that "the people that need to be contacted have been and things are being taken care of" constituted a written determination by the jail of his grievance.

28. The most fair and reasonable reading of this statement on its face is that the grievance was received, it was being acted upon favorably to Plaintiff McLaughlin, and it implied that similar misconduct against him would not occur again.

29. At that point in time, whether or not Plaintiff McLaughlin submitted further grievance documents or appeals to the jail Deputy Warden, Warden, or Sheriff is irrelevant because the

grievance had already been favorably determined.

30. The Court finds that under these circumstances Plaintiff McLaughlin sufficiently followed the Lake County Jail grievance procedures and that he did exhaust all administrative remedies available to him until he received a determination of his grievance by the jail on March 19, 2008. At that point he need not have attempted any more administrative appeals or steps.

## CONCLUSION

31. For the foregoing reasons, the Court **RECOMMENDS** that presiding Judge James T. Moody find that plaintiff Kevin McLaughlin did exhaust the administrative remedies available to him at the Lake County Jail before filing his Complaint in this court case.

## NOTICE

32. Within 14 days after being served with a copy of this recommended finding a party may serve and file specific, written objections to this recommended finding. *Fed. R. Civ. P. 72(b)*. Failure to file an objection within the specified time waives the right to appeal this recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Lerro v. Quaker Oats Co.*, 84 F. 3d 239 (7th Cir. 1996).

So **ORDERED** this 5th day of November, 2010.

/s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff Kevin McLaughlin, D.O.C. # 146839, Inmate, Wabash Valley Correctional Facility, Post Office Box 1111, Carlisle, Indiana 47838

Jeffrey S. Wrage, Attorney for Plaintiff Kevin McLaughlin for the limited purpose of the November 1, 2010 evidentiary hearing